**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARLON E. BRACKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 19-cv-03940** |
| | ) | |
| ROUNDY'S ILLINOIS, LLC | ) | |
| d/b/a MARIANO's, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant Roundy's Illinois, LLC d/b/a Mariano's, improperly named as "Kroger/Roundy's (dba) Marianos" ("Defendant," "Mariano's" or the "Company"), by its undersigned counsel, respectfully answers the First Amended Complaint (Dkt. No. 25, the "Complaint") filed by Plaintiff Marlon E. Bracken ("Bracken" or "Plaintiff"), as follows:

**Preliminary Statement**

This is an action to address racial discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, in that plaintiff MARLON E. BRACKEN was denied a fair opportunity to be hired and promoted to the position of meat cutter, at the Mariano's State located at 2999 Waukegan Road, Bannockburn, Illinois, because of plaintiffs race, African American.

**ANSWER:** The allegations set forth in this paragraph state a legal conclusion to which no response is required. To the extent the allegations can be construed as stating allegations of fact, those allegations are denied.

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343, and 1345. This action is authorized and instituted pursuant to the Civil Rights Act of 1991, 42 U.S.C. §2000e-5(f)91) and (3), (hereinafter referred to as "Title VII"). Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. Section 19391, because defendant ROUNDY'S ILLINOIS LLC d/b/a MARIANO'S is an Illinois limited liability corporation, doing business in several locations within the Northern District of Illinois.

**ANSWER:** The allegations set forth in this paragraph state a legal conclusion to which no response is required. To the extent the allegations can be construed as stating allegations of fact, those allegations are denied. Answering further, Defendant does not challenge this Court's exercise of subject matter jurisdiction over this controversy.

2. The plaintiff, MARLON E. BRACKEN, is a U.S. citizen who resides in the county of Lake, in the State of Illinois. At all material times, plaintiff MARLON E. BRACKEN was employed by ROUNDY'S ILLINOIS LLC, d/b/a MARIANO'S in the position of meat clerk at the Mariano's Grocery Store located at 2999 Waukegan Road, Bannockburn, Illinois. As an employee at the Mariano's Grocery Store located at 2999 Waukegan Road, Bannockburn, Illinois, the corporate entity and employer identified on plaintiff's annual IRS W-2 tax form was, Kroger, 1014 Vine Street, Cincinnati, Ohio 45202.

**ANSWER:** The allegations in the first sentence of this paragraph state a legal conclusion to which no response is required. To the extent that the allegations can be construed as stating allegations of fact, Defendant lacks sufficient information to either admit or deny those allegation, and therefore denies them. Answering further, Defendant admits that Plaintiff has been employed by the Company since February 15, 2017, and has been assigned to the Mariano's store located at 2999 in Bannockburn, Illinois, and referred to as "Store No. 502." Defendant further admits that "Kroger Accounting Services" provides payroll and accounting services to Mariano's (and other corporate brands held by "The Kroger Co.,") in order to leverage economies of scale under a "shared services" business model. Defendant denies that Plaintiff is, or ever has been, employed by "Kroger" or "The Kroger Co.," and denies all remaining allegations in this paragraph.

3. Defendant ROUNDY'S ILLIONIS LLC, d/b/a MARIANO'S operates several Mariano's Grocery Stores throughout Cook County, Will County and Lake County Illinois, and throughout the Chicago metropolitan area within the Northern District of Illinois.

**ANSWER:** Defendant admits the facts alleged in this paragraph.

4. Upon information and belief, working in the meat industry as a meat cutter or butcher is a trade that requires a natural progression of training. To start a career as a meat cutter,

2

an individual will need to develop skills with knives, knowledge of animal anatomy and receive training to work in cold temperatures.

**ANSWER:** Defendant lacks sufficient information at this time to either admit or deny the allegations in this Paragraph, and on that basis denies the allegations. Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

5.      Upon information and belief, within the mean industry, a "meat clerk" is the lowest paid position of the meat cutter professions. Meat clerks are usually assigned the duties and responsibilities of wrapping the meat that has been cut and slicing of lunch meat, as well as the responsibility to properly clean the meat shop at night.

**ANSWER:** Defendant lacks sufficient information at this time to either admit or deny the allegations in this Paragraph, and on that basis denies the allegations. Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

6.      Before a person that has been hired as a "meat clerk" may be promoted or advanced to the position of "journeyman meat cutter," an individual must first have experience working in the industry for a few years which is often called an apprentice period. Two years' apprentice experience as a meat cutter, that is, working under the supervision of a journeyman meat cutter, is routinely sufficient to qualify for advance to a journeyman meat cutter position.

**ANSWER:** Defendant lacks sufficient information at this time to either admit or deny the allegations in this Paragraph, and on that basis denies the allegations. Defendant further denies there is any merit to Plaintiff's claims, denies the applicability of the purported standards referenced in this paragraph, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

7.      Upon information and belief, the average annual wage for a journeyman meat cutter at Mariano's earns approximately $25-27 per hour which produce and annual salary of approximately fifty-four thousand dollars ($54,000.00), while a Level 3 meat clerk at Mariano's

in the Chicago area earns an annual salary of approximately thirty-one thousand dollars ($31,000.00).

**ANSWER:** Defendant denies the allegations of this paragraph.


8.    Prior to applying for a journeyman meat cutter position with Mariano's in February 2017, plaintiff had been employed by stores operated and owned by the parent corporation of Mariano's named Kroger/Roundy's Incorporated, and had been trained and worked as an experienced meat cutter for over 13 years.

**ANSWER:**    Defendant lacks sufficient information at this time to either admit or deny the allegations in this Paragraph, and on that basis denies the allegations.  Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.


9.    From 1982 and continuing until 1990, plaintiff was employed as a meat cutter for Murco, Incorporated (Swift) located in Plainfield, Michigan.

**ANSWER:**    Defendant lacks sufficient information at this time to either admit or deny the allegations in this Paragraph, and on that basis denies the allegations.  Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.


10.    From 1990 until 1996, plaintiff was employed as an experienced meat cutter for two Kroger owned grocery stores:  Cub Food in Indianapolis, Indiana and Archer Meats located in Greenwood, Indiana.

**ANSWER:**    Defendant denies the allegations of this paragraph.


11.    Sometime before February 2017, Mariano's through the Kroger Corporation Website, solicited applications for individuals to apply for available journeyman meat cutter positions, electronically, on-line.

**ANSWER:**    Defendant objects to Plaintiff's argumentative mischaracterization of facts, and admits only that employment applications at Mariano's can be submitted through the Company's web-based system.  Defendant denies the remaining allegations of this paragraph.

12.     After plaintiff was unable to submit his application for the meat cutter position through the Kroger Corporation website electronically, on-line, plaintiff, during the month of February 2017, visited the Mariano's Grocery Store located at 450 Half Day Road, in Buffalo Grove, Illinois to apply for a journeymen meat cutter position in-person.

**ANSWER:**     Defendant objects to Plaintiff's argumentative mischaracterization of facts, and admits only that Plaintiff applied for a position with Mariano's in or about February of 2017. Defendant denies the remaining allegations of this paragraph. Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

13.     While present at the Mariano's store in Buffalo Grove, plaintiff met with the Human Resource Director, Kelly Anne, to inquire about the journeymen meat cutter position that was listed on the Kroger website.

**ANSWER:**     Defendant lacks sufficient information at this time to either admit or deny allegations in this Paragraph, and on that basis denies the allegations. Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

14.     Plaintiff was told by the Human Resource Director during this meeting, that while there were no vacant meat cutter positions available at the Buffalo Grove location, plaintiff, alternatively was clearly qualified to be hired as a Level 3 meat clerk immediately. Plaintiff accepted the Level 3 meat clerk position and began to work for the Mariano's Store located at 450 Half Day Road, in Buffalo Grove, in order to begin to earn seniority as a Mariano's employee for available future meat cutter advancement opportunities.

**ANSWER:**     Defendant objects to Plaintiff's argumentative mischaracterization of facts, and admits only that Mariano's hired Plaintiff as an hourly "Level 3" team member on or about February 15, 2017. Defendant denies the remaining allegations of this paragraph. Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

15.     In July 2017, plaintiff learned that a meat cutter position became available at the Mariano's located 2999 Waukegan Road, Bannockburn, Illinois.  Plaintiff immediately applied for the position with the assistance of the human resource department at the Mariano's Buffalo Grove store.

**ANSWER:**     Defendant lacks sufficient information at this time to either admit or deny allegations in this Paragraph, and on that basis denies the allegations.  Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

16.     In or about mid-September 2017, plaintiff was informed by another Human Resource officer that plaintiff had been selected for the vacant meat cutter position and was thereafter transferred to the Mariano's Store located at 2999 Waukegan Road Bannockburn, Illinois with a start date of October 4, 2017.

**ANSWER:**     Defendant objects to Plaintiff's argumentative mischaracterization of facts, and admits only that Plaintiff was transferred to the Mariano's store located at 2999 Waukegan Road in Bannockburn, Illinois.  Defendant denies the remaining allegations of this paragraph. Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

17.     On October 2, 2017, a representative at the Mariano's Store located 2999 Waukegan Road, Bannockburn, informed plaintiff that he would not be assigned the position of meat cutter as he had been told when he arrives, but instead, would continue in the position of meat clerk, because the meat cutter position had been given to another individual who had more seniority as a Mariano's employee.

**ANSWER:**     Defendant objects to Plaintiff's argumentative mischaracterization of facts, and admits only that Plaintiff was transferred to the Mariano's store located at 2999 Waukegan Road in Bannockburn, Illinois.  Defendant denies the remaining allegations of this paragraph. Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

18.     On October 4, 2017, plaintiff, as directed, reported to work in the meat department at the Mariano's Store located 2999 Waukegan Road, Bannockburn.  Plaintiff was then told by the meat department merchandiser, Chris Piane that he was not assigned the position of meat cutter, because he "did not fit the profile."

**ANSWER:**     Defendant denies the allegations of Paragraph 18.  Defendant further denies

there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and

denies that any conduct by Defendant has given rise to any claims.


19.     On October 6, 2017, plaintiff learned the Mariano's store located at 2999 Waukegan Road, Bannockburn, had recently hired two non-African American meat cutters, after refusing to first offer an available vacant meat cutter position to plaintiff, an experienced, qualified African American meat cutter.  Plaintiff also learned that neither of the newly hired, non-African American meat cutters had been employed by Mariano's before being hired, and therefore had no Mariano's employment seniority for advancement when compared to plaintiff, who had been hired by Mariano's in February 2017.

**ANSWER:**     Defendant denies the allegations of Paragraph 19.  Defendant further denies

there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and

denies that any conduct by Defendant has given rise to any claims.


20.     Plaintiff immediately complained about what he perceived as unfair treatment and suspected racial discrimination in denying him the opportunity to be advanced to one of the available meat cutter positions that had been recently filled.  In response to plaintiff's complaints, Mariano's supervisors, managers and agents took steps to conceal and cover-up their suspected racial discriminatory conduct by falsely telling plaintiff that he could not be assigned or promoted to a meat cutter position because he did possess a meat cutter certification, and further falsely claimed that plaintiff's prior work experience as an experienced meat cutter for several other Kroger stores could not be considered because his meat cutter experience because was not with Mariano's.

**ANSWER:**     Defendant objects to Plaintiff's argumentative mischaracterization of facts,

and admits only that Plaintiff initiated a workplace grievance pursuant to the Company's collective

bargaining agreement.  Defendant denies any facts or allegations that are inconsistent with the

administration and resolution of that workplace grievance, and denies the remaining allegations of

this paragraph.  Defendant further denies there is any merit to Plaintiff's claims, denies any and all

wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

21.     In response to these false explanations, plaintiff filed a grievance with his local union, Local 881, United Food and Commercial Workers International Union ("UFCW"), alleging racial discrimination and unfair treatment.  In an attempt to address plaintiff's racial discrimination grievance, defendant agreed to advance plaintiff to a meat cutter position if plaintiff could demonstrate his meat cutter experience by completing a meat cutter "skills tests."  Plaintiff agreed and waited for a meat cutter "skills test" to be given.

**ANSWER:**     Defendant objects to Plaintiff's argumentative mischaracterization of facts, and admits only that Plaintiff initiated a workplace grievance pursuant to the Company's collective bargaining agreement.  Defendant denies any facts or allegations that are inconsistent with the administration and resolution of that workplace grievance, and denies the remaining allegations of this paragraph.  Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

22.     When defendant failed to arrange and/or schedule a time for plaintiff to take the agreed meat cutter "skills test", plaintiff again complained to his supervisors.  Thereafter, on October 18, 2017, Chris Piane, the Mariano's supervisor and meat merchandiser who had refused to hire plaintiff for the available position of meat cutter, hastily delivered to plaintiff what Piane described as a meat cutter "skills test" written on a card.  Piane then instructed plaintiff to go to the meat case and properly identify and select the particular portions of meat that would be cut, such as, a "Top Round", "Sirloin Top", "Shoulder Clod", "Shank", and "BI Strip".

**ANSWER:**     Defendant objects to Plaintiff's argumentative mischaracterization of facts, and admits only that Plaintiff initiated a workplace grievance pursuant to the Company's collective bargaining agreement.  Defendant denies any facts or allegations that are inconsistent with the administration and resolution of that workplace grievance, and denies the remaining allegations of this paragraph.  Defendant denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability, and denies that any conduct by Defendant has given rise to any claims.

23.     Per the written instructions provided by Chris Piane, plaintiff properly identified, cut, and displayed the specific cuts of meat from each meat portion as has been directed - such as "top round steaks", "roasts",  "boneless short ribs" and a "cut-up whole chicken fryer".

**ANSWER:**     Defendant denies the allegations of Paragraph 23.  Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.


24.     The skills test was given by Piane to plaintiff to complete in the back of the meat department during plaintiff's lunch break, while Piane continuously worked out-front.

**ANSWER:**     Defendant denies the allegations of Paragraph 24.  Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.


25.     After plaintiff completed all of the requested meat cuts specified, Piane quickly looked at the displayed meat cuts and made several general, negative comments about how plaintiff had trimmed several cuts, how plaintiff made a cut on an improper angle, and how plaintiff could have made other cuts to produce additional sellable meat cuts from the available larger sections. Piane then took photographs of the meat cuts completed by plaintiff and directed plaintiff to return to his workstation at the grill of the meat department.

**ANSWER:**     Defendant denies the allegations of Paragraph 25.  Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.


26.     Without explanation and notwithstanding plaintiff's clear demonstration of his knowledge and experience as a meat cutter, Piane refused to assign plaintiff to a meat cutter position and instead ordered plaintiff to simply return to the grill, where he was assigned to cook meat as requested by customers.  After observing Piane taking photographs of the meat cuts displayed by plaintiff as instructed as part of the "skills test," plaintiff also took photographs of the displayed meat cuts that he had made for the "skills test."

**ANSWER:**     Defendant denies the allegations of Paragraph 26.  Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

27.     On October 25, 2017, after plaintiff had not been promoted to a meat cutter position by Piane, plaintiff filed another grievance with his union, Local 881, UFCW, specifically alleging racial discrimination against Piane and further requested that someone, other than Piane administer another meat cutter "skills test" in order to support plaintiff's immediate promotion to a meat cutter position.

**ANSWER:**     Defendant objects to Plaintiff's argumentative mischaracterization of facts, and admits only that Plaintiff initiated a workplace grievance pursuant to the Company's collective bargaining agreement.  Defendant denies any facts or allegations that are inconsistent with the administration and resolution of that workplace grievance, and denies the remaining allegations of this paragraph.  Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

28.     In response to this second grievance, plaintiff met with Christa Bartolini, Vice President of Human Resources, along with his Local 881 Union representative.  Following this meeting, plaintiff was advised that Mariano's and the Union did not find that that plaintiff had been the victim of racial discrimination and that Chris Piane's opinion that plaintiff had not demonstrated sufficient meat cutter skills required by the Mariano's store meat department and therefore plaintiff was properly denied promotion to a meat cutter position.

**ANSWER:**     Defendant admits the allegations of Paragraph 28, but denies any facts that are inconsistent with the administration and resolution of Plaintiff's workplace grievance. Answering further, Defendant denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

29.     On May 31, 2018, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging racial discrimination for failure to promote him to a meat cutter position on October 6, 2017.  The EEOC issued a Right to Sue letter on March 15, 2019 (Exhibit A).

**ANSWER:**     Defendant admits that Plaintiff filed a Charge of Discrimination against Mariano's with the Equal Employment Opportunity Commission.  Defendant lacks sufficient

information to either admit or deny the remaining allegations set forth in this paragraph and, on that basis, the allegations are denied.

## COUNT ONE – Racial discrimination

30.     Plaintiff repeats, re-alleges and incorporates by reference the factual allegations of paragraphs 1 through 29, as if fully set forth herein in paragraph 30.

**ANSWER:**     Defendant restates and incorporates by reference its answers to Paragraphs 1-29, inclusive, as and for its answer to this Paragraph 30.

31.     Plaintiff is a member of a protected class, African American, as recognized by Title VII, and Title 42, United States Code, Section 1981.

**ANSWER:**     The allegations set forth in this paragraph state a legal conclusion to which no response is required.  To the extent the allegations in this paragraph can be construed as stating allegations of fact, Defendant denies all such allegations.

32.     As an experienced, full-time employee assigned to work in the meat department of the Mariano's Stores located in Buffalo Grove, Vernon Hills, and Bannockburn, Illinois, plaintiff at all time met and exceeded Mariano's legitimate job expectations as a Level 3 meat clerk.

**ANSWER:**     Defendant admits only that Plaintiff worked at multiple Mariano's locations, and denies all remaining allegations of this paragraph.

33.     On or about October 4, 2017, plaintiff suffered an adverse employment action, in that defendant, by and through its managers, agents and supervisors assigned to the Mariano's Store located in Bannockburn, denied plaintiff advancement and promotion to the higher position of meat cutter, the position that was promised to plaintiff in conjunction with approving plaintiff's transfer and reassignment from the Mariano's Store located in Buffalo Grove to the Mariano's Store located in Bannockburn, Illinois in mid-September 2017.

**ANSWER:**     The allegations set forth in this paragraph state a legal conclusion to which no response is required.  To the extent the allegations in this paragraph can be construed as stating allegations of fact, Defendant denies all such allegations.  Answering further, Defendant denies

there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and

denies that any conduct by Defendant has given rise to any claims.

34.    In response to plaintiff complaining about being denied the promised advancement and promotion to a meat cutter position at the Mariano's Store located in Bannockburn, defendant, by and through its managers, agents and supervisors assigned to the Mariano's Store located in Bannockburn unfairly disregarded plaintiff's prior work experience as a meat cutter and instead subjected plaintiff to a unfair "skills test" ostensibly to demonstrate plaintiff's knowledge and experience as a meat cutter.

**ANSWER:**    Defendant objects to Plaintiff's argumentative mischaracterization of facts,

denies the allegations asserted in this paragraph, denies there is any merit to Plaintiff's claims,

denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant

has given rise to any claims.

35.    Upon information and belief, similarly situated non-African American meat cutters hired by defendant to work in the meat department in the position of meat cutters at the Mariano's Store located at 2999 Waukegan Road, Bannockburn, Illinois were treated more favorably, in that they were hired and assigned to meat cutter positions in reliance on their prior work experience as meat cutters, and without being subjected to the same, unfair "skills test" that plaintiff had be required to complete.

**ANSWER:**    Defendant objects to Plaintiff's argumentative mischaracterization of facts,

denies the allegations asserted in this paragraph, denies there is any merit to Plaintiff's claims,

denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant

has given rise to any claims.

36.    Defendant's complete disregard of plaintiff's prior work experience as meat cutter and requirement that plaintiff demonstrate his knowledge and experience as a meat cutter by completing a different "skills test" that was not required to be taken by any other non-African American meat cutter hired by defendants, was improper and constituted disparate treatment and racial discrimination of plaintiff because of his race, African American.

**ANSWER:**    Defendant objects to Plaintiff's argumentative mischaracterization of facts,

denies the allegations asserted in this paragraph, denies there is any merit to Plaintiff's claims,

denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

37.     Defendant's conduct and acts of racial discrimination against plaintiff, were intentional, malicious and done with a complete disregard to plaintiff's civil rights as protected by Title VII and the Civil Rights Act of 1964 and constituted willful and unlawful race discrimination as prescribed by Title 42, United States Code, Section 1981.

**ANSWER:**    The allegations set forth in this paragraph state a legal conclusion to which no response is required.  To the extent the allegations in this paragraph can be construed as stating allegations of fact, Defendant denies all such allegations, and further denies any and all liability and allegations of wrongdoing whatsoever.

38.     As a result of the aforementioned discriminatory acts of defendant, by and through its, agents, managers, and supervisors, plaintiff, Marlon Bracken suffered and will likely continue to suffer, grievous harm including, without limitation, substantial loss of income and benefits, loss of earnings potential, severe damage to his professional reputation, humiliation among co-workers and emotional distress.

**ANSWER:**    The allegations set forth in this paragraph state a legal conclusion to which no response is required.  To the extent the allegations in this paragraph can be construed as stating allegations of fact, Defendant denies all such allegations, and further denies any and all liability and allegations of wrongdoing whatsoever.

WHEREFORE, for all of the reasons set forth above, Defendant respectfully requests that this Court: (a) enter Judgment in favor of Defendant and against Plaintiff as to all claims asserted in Count I of Plaintiff's Complaint, and (b) award to Defendant its actual costs incurred in this action, together with any such other and further relief as the Court deems just.

## COUNT TWO – Retaliation

39.     Plaintiff repeats, re-alleges and incorporates by reference the factual allegations of paragraphs 1 through 38, as if fully set forth herein in paragraph 39.

**ANSWER:** Defendant restates and incorporates by reference its answers to Paragraphs 1-38, inclusive, as and for its answer to this Paragraph 39.

40. On May 31, 2018, plaintiff filed a Charge of Discrimination with the EEOC alleging racial discrimination for failing to promote plaintiff to a meat cutter position from his current position of meat clerk.

**ANSWER:** Defendant admits that Plaintiff filed a Charge of Discrimination against Mariano's with the Equal Employment Opportunity Commission. Defendant lacks sufficient information to either admit or deny the remaining allegations set forth in this paragraph and, on that basis, the allegations are denied

41. On June 12, 2018, defendant was notified of plaintiff's EEOC charge alleging racial discrimination electronically.

**ANSWER:** Defendant lacks sufficient information at this time to either admit or deny allegations in this Paragraph, and on that basis denies the allegations. Defendant further denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

42. On November 1, 2019, defendant took an adverse employment action against plaintiff by demoting and reassigning plaintiff to the "delicatessen" and by prohibiting plaintiff from performing any of his regular duties as a Level 3 meat clerk. Defendants also prohibited plaintiff from working additional hours in the evening as an available meat cutter, even though plaintiff was not paid as meat cutter when he worked as a meat cutter during the evening hours.

**ANSWER:** The allegations set forth in this paragraph state a legal conclusion to which no response is required. To the extent the allegations in this paragraph can be construed as stating allegations of fact, Defendant denies all such allegations. Answering further, Defendant denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

14

43.     Upon information and belief, plaintiff believes that but for filing the EEOC complaint on May 31, 2018, defendant, on November 1, 2019, by and through its agents, managers and supervisors at Mariano's Store located at 2999 Waukegan Road, Bannockburn, Illinois, would not, without any reason, abruptly reassign plaintiff to the lesser skilled position of "deli clerk", and would not have taken action to prevent plaintiff from working additional hours as the evening meat cutter, since plaintiff had for several months, satisfactorily performed all meat cutter duties during evening store hours prior to filing the EEOC Charge of racial discrimination.

**ANSWER:**     Defendant objects to Plaintiff's argumentative mischaracterization of facts, denies the allegations asserted in this paragraph, denies there is any merit to Plaintiff's claims, denies any and all wrongdoing or liability on its part, and denies that any conduct by Defendant has given rise to any claims.

44.     Defendant's reassignment of plaintiff to the lesser skilled position of "deli clerk" at the Mariano's Store in Bannockburn in November 2019, and further action to preventing plaintiff from working additional hours as the evening meat cutter, in retaliation for plaintiff' filing and pursuing his EEOC complaint filed on May 31, 2018, constituted willful and unlawful retaliation and interference with plaintiff's protected rights as provided by Title 42, United States Code, Section 1981.

**ANSWER:**     The allegations set forth in this paragraph state a legal conclusion to which no response is required.  To the extent the allegations in this paragraph can be construed as stating allegations of fact, Defendant denies all such allegations, and further denies any and all liability and allegations of wrongdoing whatsoever.

45.     As a result of unlawful retaliation, by defendants agents, managers, supervisors and officers, plaintiff, Marlon Bracken has suffered and will likely continue to suffer severe financial harms, including, without limitation, substantial loss of income and benefits, loss of earnings potential, severe damage to his professional reputation, humiliation and emotional distress.

**ANSWER:**     The allegations set forth in this paragraph state a legal conclusion to which no response is required.  To the extent the allegations in this paragraph can be construed as stating allegations of fact, Defendant denies all such allegations, and further denies any and all liability and allegations of wrongdoing whatsoever.

WHEREFORE, for all of the reasons set forth above, Defendant respectfully requests that this Court: (a) enter Judgment in favor of Defendant and against Plaintiff as to all claims asserted in Count II of Plaintiff's Complaint, and (b) award to Defendant its actual costs incurred in this action, together with any such other and further relief as the Court deems just.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant Roundy's Illinois, LLC d/b/a Mariano's ("Defendant," "Mariano's" or the "Company"), by and through its undersigned counsel, respectfully submits the following Affirmative Defenses to Plaintiff's Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed because the conduct of which he complains did not constitute an act of discrimination or retaliation as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior and Plaintiff unreasonably failed to take advantage of the preventative opportunities provided by Defendant, or to otherwise avoid the alleged harm.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged discrimination or retaliation did not involve or result in any tangible employment action.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant exercised all reasonable and due care in discovering and remedying any allegedly discriminatory or retaliatory conduct.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the allegedly discriminatory or retaliatory conduct was not conducted by anyone acting within the scope of their duties as an employee of Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant did not aid, abet, ratify, condone, encourage or acquiesce in any alleged discriminatory or retaliatory conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged conduct does not constitute discrimination or retaliation as a matter of law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed because the employment decisions regarding Plaintiff, including inter-department transfer, were made for valid, non-discriminatory reasons.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to damages because Defendant at no time engaged in any willful or intentional discriminatory or retaliatory conduct, and at no time engaged in any discriminatory or retaliatory practice or conduct with malice or reckless indifference to Plaintiff's rights.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the principles of waiver and estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitation, because Plaintiff failed to commence his action within 90 days following his receipt of a "right to sue" letter, and/or commenced this lawsuit prior to exhausting his administrative remedies.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims that are outside the substantive and/or temporal scope of the EEOC charge of discrimination referenced in his Complaint (the "Charge"), or were improperly included as part of the Charge, are barred due to Plaintiff's failure to fulfill the administrative requirements set forth in 42 U.S.C. §2000e-5.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed, and he is not entitled to any recovery in this case; however, in the event Plaintiff ultimately prevails on any of his claims, then his damages are limited by all relevant and applicable statutory caps.

### PRESERVATION OF AFFIRMATIVE DEFENSES

Defendant by this statement preserves all future affirmative defenses that may be supported by the evidence in this cause, and respectfully reserves the right to supplement its affirmative defenses based upon such evidence.

WHEREFORE, for all of the reasons set forth above, Defendant respectfully requests that this Court: (a) enter Judgment in favor of Defendant and against Plaintiff as to all claims asserted in Plaintiff's Complaint, and (b) award to Defendant its actual costs incurred in this action, together with any such other and further relief as the Court deems just.

Dated: March 13, 2020                    Respectfully submitted,

                                         **ROUNDY'S ILLINOIS, LLC d/b/a
                                         MARIANO'S, Defendant**

                                          */s/   Christopher S. Griesmeyer*
                                         Christopher S. Griesmeyer (ARDC No. 6269851)
                                         Adam C. Maxwell (ARDC No. 6306534)
                                         GREIMAN, ROME & GRIESMEYER, LLC
                                         Two North LaSalle, Suite 1601
                                         Chicago, Illinois 60602
                                         (312) 428-2750
                                         cgriesmeyer@grglegal.com
                                         amaxwell@grglegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2020, I electronically filed the foregoing ***Defendant's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint,*** with the Clerk of the Court via the CM/ECF System, which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them including:

> Gregory T. Mitchell
> Law Office of Gregory T. Mitchell
> 18141 Dixie Hwy, Ste. 115
> Homewood, IL 60430
> mitchlaw00@comcast.net

> */s/  Christopher S. Griesmeyer*
> Christopher S. Griesmeyer (ARDC No. 6269851)
> GREIMAN, ROME & GRIESMEYER, LLC
> Two North LaSalle, Suite 1601
> Chicago, Illinois 60602
> Bus: (312) 428-2750
> Fax: (312) 332-2781
> cgriesmeyer@grglegal.com