**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARLON E. BRACKEN | ) | Case No. 19 cv 03940 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Charles R. Norgle, Sr., Judge |
| | ) | |
| ROUNDY'S ILLINOIS LLC, D/B/A | ) | |
| MARIANO'S | ) | |
| Defendants | ) | |

**MOTION FOR VOLUNTARY DISMISSAL**

Plaintiff, MARLON E. BRACKEN, by and through his attorney Gregory T. Mitchell, respectfully moves to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2), with each party to bear their own costs and fees. In support of this motion the following is submitted:

**Background**

On February 3, 2017, plaintiff, Marlon Bracken, seeking full-time employment as a journeyman meat cutter, attended an employment recruitment open house event organized by a Mariano's Store located in Buffalo Grove, Illinois. During his interview with the Human Resources Specialist and Store Director (Mariano's Store #521), plaintiff was told that the Buffalo Grove location did not have a vacancy for a journeyman meat cutter position, but that in consideration of plaintiff's prior meat cutter experience, he would be offered position in the meat department, as a Level 3, Team Member. Plaintiff was further advised that if he accepted this Level 3, Meat Department Team Member position at the Buffalo Grove store, as Mariano's employee, his application as a Mariano's employee, would receive preferential consideration should he later apply for a journeyman meat cutter position at any Mariano's Store. In reliance

1

on this representation, plaintiff accepted employment with Mariano's Store #521, in Buffalo Grove as Level 3. Meat Department Team Member on February 15, 2017.

 Four months later, in June 2017, while working in the meat department, plaintiff saw a Mariano's job posting for a journeyman meat cutter position for a new Mariano's Store that was scheduled to open in October 2017, in Bannockburn, Illinois.  With the assistance on the Human Resources Specialist assigned to the Mariano's Store in Buffalo Grove, Store 521, plaintiff completed and submitted the required employee on-line application for the advertised, newly created  journeyman meat cutter position for the Bannockburn Mariano's Store. On or about October 1, 2017, plaintiff was told by the Human Resources Specialist at the Buffalo Grove Store that his request for a transfer to the new Mariano's Store in Bannockburn had been approved at that he was to report to the Human Resources Specialist at the Bannockburn Store on October 4, 2017.

 When plaintiff reported to the Mariano's Store on October 4, 2017, he was informed for the first time that he had not been selected for the journeyman meat cutter position that he had applied for, but was instead, simply transferred to the Bannockburn Store as a Level 3, Meat Department Member. When plaintiff inquired why he had not been selected for the journeyman meat cutter position that he had applied for, he was told that he "did not fit the profile".  When plaintiff subsequently learned that two (2) additional journeyman meat cutters had also been hired by the Mariano's Store in Bannockburn.  After questioning the two newly hired journeyman meat cutters, who were both white men, plaintiff learned that neither had been former Mariano's employees.  Plaintiff was also told by one of the two men that he had been recommended for the position by a friend who also worker for Mariano's.  Suspecting racial discrimination, plaintiff first filed a union grievance alleging suspected racial discrimination.

In response to plaintiff's union grievance, the Human Resources Director directed the Meat Department Manager at the Bannockburn Store to administer to plaintiff a journeyman meat cutter's "skill test" to determine whether plaintiff had the requisite journeyman meat cutter knowledge and meat cutting skills for a meat cutter position at Mariano's. Believing that he had successfully passed the required journeyman meat cutter's "skills test", plaintiff filed a second union grievance when the Meat Department Manager advised the Human Resource Director that plaintiff had failed the required journeyman meat cutter's "skills test". Plaintiff believed that the Meat Department Manager had unfairly determined that plaintiff had failed the "skills tests" because this was the same Meat Department Manager who had told plaintiff that he had not been selected for the vacant journeyman meat cutter position be he "did not fit the profile." Consequently, after Mariano's continued to deny plaintiff's demand that he be given either a second meat cutter's skills testy by someone other than the same Meat Department Manager, or simply overrule his opinion that plaintiff had failed the skill's test in the first instance, plaintiff filed a charge of racial discrimination with the EEOC, and subsequently filed the instant federal complaint alleging racial discrimination and unlawful retaliation.

**Discovery**

The parties have completed written discovery and four (4) depositions have been taken, including plaintiff's deposition. After carefully reviewing, re-examining and reanalyzing all relevant documentary evidence, employee personnel records, Mariano's union contracts, and related journeyman meat cutter requirements and evaluations in light of the deposition testimony provided to date, which includes the depositions of three (3) significant fact witnesses, counsel for plaintiff has concluded that it is highly unlikely that sufficient evidence will be discovered that enable plaintiff to identify and produce sufficient competent evidence on all essential

elements to support plaintiff's racial discrimination claim, or to prove pretext in regards to the what now appears to have been other alleged reasons for plaintiff's non-selection as a journeyman meat cutter at the Mariano's Store located in Bannockburn, Illinois in October 2017.

**Federal Rule 41(a)(2)**

When sought after a defendant has filed an answer, voluntary dismissal may be obtained only "upon order of the court and upon such terms and conditions as the court deems proper." FED.R.CIV.P. 41(a)(2). Under Rule 41(a)(2), the court had discretion to dismiss the case either with or without prejudice. However, it is an abuse of discretion for the district court to permit the voluntary dismissal of an action where the defendant would suffer "plain legal prejudice" as a result. *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir.1986); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir.1988). See also, *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924 (7th Cir. 2007).

**Notice**

Counsel for plaintiff notified counsel for Defendant on July 8, 2021, of counsel's intent to move for voluntary dismissal. This motion is filed pursuant to Fed.R.Civ.P. 41(a)(2), because counsel for defendant declined to agree to a stipulation for voluntary dismissal as is required by Fed.R.Civ. P. 41(a)(1)(A)(ii). Counsel for plaintiff has also carefully explained to plaintiff that the district court may, in its discretion, grant the voluntary dismissal motion with prejudice, which would bar any further consideration of the federal complaint by the district court. Counsel also explained that the court could also grant the voluntary dismissal motion without prejudice, which would then permit plaintiff an opportunity to continue to pursue this claim either *pro se* or by retaining new counsel. In this regard, counsel also explained to plaintiff the potential

4

financial consequences should defendant ultimately prevails should he decide to pursue the federal claim after this motion has been granted. Counsel for plaintiff was retained pursuant to a contingent fee agreement and therefore plaintiff was not required to pay any legal fees or costs during for the current litigation of this action.

In view of the foregoing, plaintiff respectfully request that the district court voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2), with each party to bear their own costs and fees.

RESPECTFULLY SUBMITTED,

*/s/ Gregory T. Mitchell*
Attorney for Marlon E. Bracken
Plaintiff

Gregory T. Mitchell
Law Office of Gregory T. Mitchell, P.C.
18141 Dixie Highway, Suite 115
Homewood, Illinois 60430
(708) 799-9325
mitchlaw00@comcast.net